IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE G. COSSU, | ) |
| | ) 2:06-cv-02913-GEB |
| Appellant, | ) |
| | ) |
| v. | ) ORDER* |
| | ) |
| JEFFERSON PILOT SECURITIES CORPORATION, | ) |
| | ) |
| Appellee. | ) |

Appellant Claude G. Cossu ("Cossu") appeals from a bankruptcy court judgment entered December 5, 2006 against him and in favor of Appellee Jefferson Pilot Securities Corporation ("Jefferson Pilot") in the amount of $1,488,399.85; the judgment is.  For the reasons stated below, the judgment is affirmed.

BACKGROUND

In 1995, Cossu became a stock broker and registered representative of Jefferson Pilot.  In re Cossu, 410 F.3d 591, 593 (9th Cir. 2005).  Under his agreement with Jefferson Pilot, Cossu was

---

\* This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

prohibited from engaging in outside business activity without company approval. Id.  In 1998-99, Cossu began selling certain promissory notes to his clients without the approval of Jefferson Pilot. Id. at 593-94.  When the SEC shut down a company related to the promissory notes, some of his clients lost a substantial amount of money. Id. at 594.  Several of Cossu's clients sued Jefferson Pilot, which settled many of the claims. Id.

Subsequently, Cossu filed for Chapter 7 bankruptcy. Id. Jefferson Pilot brought an adversary proceeding against him to recover the amounts it had paid to defend against and settle the claims of Cossu's clients. Id.  The bankruptcy court found Cossu liable to Jefferson Pilot under a fiduciary theory, but the district court reversed and remanded. Id.  On remand, the bankruptcy court found Cossu liable to Jefferson Pilot because of an indemnity agreement between Cossu and Jefferson Pilot, which provided that Cossu would "indemnify and hold [Jefferson Pilot] harmless against any . . . expenses (including reasonable attorney fees and expenses)" arising out of any unauthorized, illegal or improper acts by Cossu. In re Cossu, 410 F.3d at 594.  Under the indemnity agreement, Jefferson Pilot was entitled to recover attorney fees, costs and the amounts it had paid to settle the claims by Cossu's clients. Id.

On appeal, the Ninth Circuit affirmed in part, reversed in part, and remanded to the bankruptcy court. Id. at 597.  The Circuit held that

> [a]lthough Jefferson Pilot introduced information regarding the amounts it paid to settle the claims, it provided no evidence about the specific causes of action the claimants brought against Jefferson Pilot or what state or federal law applied to those actions [and that therefore, it could not] say that Jefferson Pilot demonstrated its actual or potential liability so as to sustain

1    the indemnity claim with respect to the settlement
2    amounts.

3  Id. at 596.  The Ninth Circuit held that "[b]ecause the bankruptcy
4  court erred in calculating the amount of the indemnity award on the
5  record before it, [the action was] remand[ed] . . . for further
6  proceedings . . . ."  Id. at 597.

7         The Ninth Circuit also stated that Jefferson Pilot had
8  introduced evidence of its attorney's fees and expenses.  Id.  The
9  court noted that "[u]nder the indemnity provision, it appears these
10 fees and costs could be recovered irrespective of liability in the
11 underlying lawsuit."  Id.

12         On remand, the bankruptcy judge conducted an evidentiary
13 hearing on November 16, 2006, over Cossu's objection.  (Appellant's
14 Br. at 4:23 - 5:2; In re Cossu, Transcript of Proceedings, Case No.
15 01-25730, U.S. Bankr. Ct., E.D. Cal., Nov. 16, 2006 ("Hr'g Tr.").)
16 During this hearing, Jefferson Pilot introduced evidence that it would
17 be liable on the claims by Cossu's clients, as well as further
18 evidence relating to its attorney fees.  Upon conclusion of the
19 hearing, the bankruptcy court entered judgment against Cossu for
20 $1,488,399.85 based on the indemnity agreement.  (In re Cossu,
21 Judgment, Case No. 01-25730, U.S. Bankr. Ct., E.D. Cal., Dec. 5,
22 2006.)

23         Cossu appeals from this judgment.  Cossu argues that (1) the
24 bankruptcy court erred when it conducted the further evidentiary
25 hearing, and (2) Jefferson Pilot did not meet its burden of showing
26 that its attorney fees and costs were reasonable.[1]

27 ──────────────

28    [1]   Cossu also argues that Jefferson Pilot did not meet its
                                                      (continued...)

3

DISCUSSION

I. Standard of Review

A district court must review the bankruptcy court's conclusions of law <u>de novo</u> and its factual findings for clear error. <u>In re Jastrem</u>, 253 F.3d 438, 441 (9th Cir. 2001); Fed. R. Bankr. P. 8013.

II. Scope of Review

Cossu argues that the Ninth Circuit remand intended the bankruptcy court to rule based on the existing record, without further evidentiary hearings. (Appellant's Br. at 13:20-21.) Cossu supports this argument by pointing to the language at the end of the Ninth Circuit opinion, which Cossu argues does not indicate that the bankruptcy court could allow further evidentiary hearings. (<u>Id.</u> at 12:12-17.)

It is pellucid that trial courts must comply with the appellate court's mandate, but trial courts may decide "anything not foreclosed by the mandate." <u>Herrington v. County of Sonoma</u>, 12 F.3d 901, 904 (9th Cir. 1993). "[T]he ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." <u>United States v. Kellington</u>, 217 F.3d 1084, 1093 (9th Cir. 2000).

In this case, the Ninth Circuit found that Jefferson Pilot had failed to present sufficient evidence to support its indemnity

---

[1](...continued)
evidentiary burden on the issue of whether Cossu was liable to Jefferson Pilot based on the theory that some of Cossu's clients had assigned their claims against Cossu to Jefferson Pilot. (Appellant's Br. at 15:16-17.) But this issue need not be reached in light of the ruling herein, as the assignment theory was only an alternative basis of recovery not necessary to the bankruptcy court's judgment. (Hr'g Tr. at 78.)

claim, and therefore, the bankruptcy court had incorrectly calculated the damages. In re Cossu, 410 F.3d at 595-96. The remand "for further proceedings" permitted the bankruptcy court to re-calculate the amount of the indemnity award. Nothing in the remand decision precluded the bankruptcy court from conducting further evidentiary hearings. See Stevens v. F/V Bonnie Doon, 731 F.2d 1433, 1436 (9th Cir. 1984) (finding that "[t]he mandate . . . did not forbid taking new evidence on the question of damages"). Therefore, the bankruptcy court did not err in conducting the further evidentiary hearing.

II. Attorney Fees and Costs

The bankruptcy court judgment from which Cossu appeals awarded Jefferson Pilot attorney fees and costs based on the indemnity agreement, which provided for "reasonable" attorney fees and costs. In re Cossu, 410 F.3d at 595. While the Ninth Circuit found that "it appears" that Jefferson Pilot could recover its attorney fees and costs, the Circuit decision did not address whether Jefferson Pilot's fees and costs were reasonable. Id. at 596. Cossu argues that Jefferson Pilot failed to prove the reasonableness of the attorney fees and costs awarded to it. (Appellant's Br. at 15:24-25.) Jefferson Pilot disagrees. (Appellee's Br. at 9:14-16.)

Jefferson Pilot offered substantial evidence at the November 16, 2006, evidentiary hearing on both the amount it paid in attorney fees and the reasonableness of those fees. This evidence included the testimony of Craig Moreshead ("Moreshead"), who served as in-house counsel for Jefferson Pilot during the litigation of Cossu's clients' claims. (Appellee's Br., Exh. D.) Moreshead testified that the cases were "very heavily litigated" and that Jefferson Pilot "vigorously

defended these cases and . . . that the amounts paid in defense costs were reasonable." (Hr'g Tr. at 60:21, 61:2-4.)

After evaluating the factual evidence before it, the bankruptcy court found that the amount Jefferson Pilot paid in attorney fees and costs was reasonable. (Id. at 74:8-10; 75:21; 78:3-4.) This factual determination is reviewed for clear error. Fed. R. Bankr. P. 8013. Since ample evidence supports the bankruptcy court's finding that the amount of fees and costs was reasonable, its decision is affirmed.

## CONCLUSION

For the reasons stated, Cossu has not shown that the bankruptcy court committed any error. Therefore, the bankruptcy court's judgment entered December 5, 2006, is AFFIRMED.

Dated:   September 18, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge